RICHARD A. VAZQUEZ (9128)
SPENCER FANE LLP
10 Exchange Place, Ste. 1100
Salt Lake City, UT 84111
Telephone: (801) 322-9216
rvazquez@spencerfane.com

*Attorneys for Plaintiff Acuity, A Mutual Insurance Company*

> **If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

| IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH | |
|---|---|
| CENTRAL DIVISION | |
| ACUITY, A MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | **COMPLAINT**<br><br>Civil No.:   1:25 cv 94<br><br>Judge |

## I. JURISDICTION AND VENUE

1.      Jurisdiction is appropriate under Utah Code Ann. § 78B-3-205 and 28 U.S.C. § 1332, as 1) the underlying injuries occurred in, and related uninsured motorist payments at issue were made within, the State of Utah; and 2) the plaintiff and defendants in this matter are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred within the State of Utah.

## II. THE PARTIES

3.    Plaintiff Acuity, a Mutual Insurance Company ("Acuity"), is a mutual insurance company incorporated under the laws of the state of Wisconsin, with its principal place of business in Wisconsin.

4.    Defendant United Specialty Insurance Company ("USIC") is a Delaware corporation with its principal place of business in Texas.

5.    Upon information and belief, non-party Mike Transport, also known as Maritza Arias Ortiz d/b/a Mike Transport, is an interstate motor carrier that is a citizen of the state of Nevada, with a DOT number of 3284389 and an MC number of 1038975.

6.    Upon information and belief, non-party Martiza Arias Ortiz, the sole proprietor of Mike Transport, currently resides in Florida.

## III.    THE UNDERLYING ACCIDENT, DECLINATION OF LIABILITY COVERAGE, SUBSEQUENT UNINSURED MOTORIST INSURANCE PAYMENTS, LAWSUIT, AND DEFAULT JUDGMENT

7.    Acuity issued commercial automobile insurance policy No. Z88919 containing uninsured motorist coverage to non-party Sierra Siding & Construction LLC, a Utah limited liability company, ("Sierra Siding") with effective dates of December 14, 2019 to December 14, 2020, with uninsured policy limits of $1,000,000 per person / $1,000,000 per accident (the "Acuity Policy"). A true and correct copy of the Acuity Policy is attached as **Exhibit A**.

8.    The uninsured motorist coverage part of Acuity Policy contains language which reads in relevant part:

> **SECTION IV - BUSINESS AUTO CONDITIONS**
> The following conditions apply in addition to the
> Common Policy Conditions:
> **A. LOSS CONDITIONS....**

2

**5. Transfer of Rights of Recovery Against Others to Us**
If any person or organization to or for whom we make payment under this coverage form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after *accident* or *loss* to impair them…..

**UTAH UNINSURED MOTORISTS COVERAGE CA-2162F(11-18)**
For a covered *auto* licensed or principally garaged in, or *garage operations* conducted in, Utah, this endorsement modifies insurance provided under the following:
BUSINESS AUTO COVERAGE FORM
GARAGE COVERAGE FORM
MOTOR CARRIER COVERAGE FORM
With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement….

**3.** Transfer Of Rights Of Recovery Against Others To Us is changed by adding the following:
**a.** We shall be entitled to a recovery only after the *insured* has been fully compensated for damages….

Acuity Policy at **Exhibit A**, at form CA-0001F(10-14) at pp. 8, 9; form CA-2162F(11-18) at pp. 1, 3.

9.      Upon information and belief, non-parties Paul Burns and Eric Burns are the LLC-members of Sierra Siding and are residents of Utah.

10.     On or around January 6, 2020, while engaged in the interstate-commerce transportation of property and acting as a statutory employee of defendant Mike Transport pursuant to Federal Motor Carrier Safety Administration regulations, driver Fidel Espinosa

Carpio negligently caused an automobile accident while traveling Southbound on Interstate 15 near the SR-26 overpass in Riverdale, Utah (the "Accident").

11.     The Accident proximately caused bodily injuries to both Paul Burns and Eric Burns, members of the public who at the time of the Accident were traveling on an interstate roadway.

12.     Upon information and belief, defendant USIC issued commercial automobile insurance policy No. LZK-0001643-00 to Mike Transport (the "USIC Policy"), which was in effect on the date of the Accident.

13.     Upon information and belief, the USIC Policy contains an MCS-90 Endorsement, which ensures a motor carrier insured under the Policy has the minimum required financial responsibility to cover public liability claims in case of an accident, even if the terms of the underlying insurance policy to which the Endorsement is attached doesn't cover the specific loss.

14.     By letter dated March 6, 2020, third-party administrator North American Risk Services, acting on behalf of USIC, informed the attorney for Paul and Eric Burns that since Mr. Carpio was neither a reported driver nor a qualified driver under the USIC Policy, USIC would neither defend nor indemnify Mike Transport from the claims for injuries to Paul and Eric Burns. That letter is attached as **Exhibit B**.

15.     Paul Burns and Eric Burns subsequently submitted uninsured motorist claims under the Acuity Policy for their injuries sustained in the Accident, consolidated under Acuity Claim No. QR5204.

16.     Acuity began making payments on the uninsured motorist claim of Paul Burns on March 16, 2020.

4

17. Acuity began making payments on the uninsured motorist claim of Eric Burns on March 16, 2020.

18. Acuity made its final uninsured motorist claim payment to Paul Burns pursuant to a release of all accident-related claims on June 12, 2023, rendering Paul Burns "made whole" and "fully compensated for damages" on that date. A true and correct copy of the release of all claims of Paul Burns is attached as **Exhibit C.**

19. Acuity made its final uninsured motorist claim payment to Eric Burns pursuant to a release of all claims on November 15, 2023, rendering Eric Burns "made whole" and "fully compensated for damages" on that date. A true and correct copy of the release of all claims of Eric Burns is attached as **Exhibit D.**

20. In total, Acuity collectively paid $661,000.00 to or on behalf of Paul and Eric Burns as indemnity for their uninsured motorist claims.

21. On February 8, 2024, Acuity filed suit in the United States District Court for the District of Utah against Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport, asserting causes of action for equitable subrogation and equitable indemnity, in a lawsuit styled *Acuity, a Mutual Ins. Co. v. Mike Transport*, No. 1:24-cv-00024 (D. Utah) (the "Mike Transport Action.")

22. Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport was personally served in the Mike Transport Action pursuant to Fed. R. Civ. P. 4(e)(1), (e)(2)(B) on February 20, 2024. An affidavit of service was filed with the Court pursuant to Fed. R. Civ. P. 4(l)(1).

23. Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport failed to file an answer or respond in any way to Acuity's Complaint in the Mike Transport Action.

24. A certificate of default was entered by the Court against Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport in the Mike Transport Action on July 23, 2024.

25.    Maritza Arias Ortiz, the sole proprietor of Mike Transport, subsequently filed a petition for Chapter 7 bankruptcy in the Middle District of Florida Bankruptcy Court on August 8, 2024. The petition identified Mike Transport as a sole proprietorship owned by bankruptcy debtor Maritza Arias Ortiz. The Petition for Bankruptcy is attached hereto as **Exhibit E**.

26.    The Middle District of Florida Bankruptcy Court confirmed that Maritza Arias Ortiz a/k/a and d/b/a Mike Transport received her/its bankruptcy discharge on November 6, 2024, and that the automatic stay has been terminated by operation of 11 U.S.C. Section 362(c)(2)(C). The Order is attached hereto as **Exhibit F**.

27.    Acuity then proceeded to obtain a default judgment against Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport in the Mike Transport Action.

28.    On March 19, 2025, the Court in the Mike Transport Action entered a default judgment against Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport in amount of $750,606.10.

29.    Acuity, as subrogee of the public liability claims of Eric and Paul Burns, has obtained a default judgment against Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport in the amount of $750,606.10 for those public liability claims.

30.    The USIC Policy's MCS-90 Endorsement must operate to indemnify Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport for Acuity's $750,606.10 public liability judgment entered against it, even if the underlying USIC Policy doesn't cover the specific loss involving Eric and Paul Burns.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT/THIRD PARTY BENEFICIARY

31.    Paragraphs 1 through 30 are incorporated by reference as if fully set forth herein.

32.    Upon information and belief, the language of the USIC Policy permits judgment creditors against its insured, such as Acuity, to directly sue USIC for recovery of judgments.

33.    Upon information and belief, the USIC Policy clearly expresses an intention to confer a separate and distinct benefit on judgment creditors, such as Acuity, allowing them to sue USIC directly for enforcement of the USIC Policy terms.

34.    Acuity is subrogated to the public liability recovery rights against Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport for uninsured motorist payments made to Paul Burns and Eric Burns, members of the public.

35.    Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport has been adjudicated vicariously liable for the negligent breaches of the duty of care by its driver, Mr. Carpio.

36.    Mr. Carpio's negligence has been adjudicated to have proximately caused both the Accident and the injuries to Paul Burns and Eric Burns, members of the public.

37.    It has been adjudicated that Acuity both "fully compensated for damages" and "made whole" both Paul Burns and Eric Burns whole through payments including but not limited to the $661,000.00 collectively paid as indemnity for their uninsured motorist claims.

38.    It has been adjudicated that Mr. Carpio and Mike Transport were engaged in the interstate transportation of property at the time of the Accident.

39.    The above-referenced facts were adjudicated in the Mike Transport Action, resulting in a default judgment against in favor of Acuity in the amount of $750,606.10.

40.    The terms of the USIC Policy, including but not necessarily limited to its MCS-90 Endorsement, require that USIC indemnify Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike

Transport for the default public liability judgment entered in favor of Acuity in the Mike Transport Action.

41.     To date, USIC has refused to either defend or indemnify Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport for the claims arising from the Accident.

42.     As such, USIC is liable to Acuity in an amount no less than $750,606.10.

### SECOND CAUSE OF ACTION – EQUITABLE SUBROGATION

43.     Paragraphs 1 through 43 are incorporated by reference as if fully set forth herein.

44.     Acuity is subrogated to the public liability recovery rights against Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport for uninsured motorist payments made to Paul Burns and Eric Burns.

45.     Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport has been adjudicated vicariously liable for the negligent breaches of the duty of care by its driver, Mr. Carpio.

46.     Mr. Carpio's negligence has been adjudicated to have proximately caused both the Accident and the injuries to Paul Burns and Eric Burns, members of the public.

47.     It has been adjudicated that Acuity both "fully compensated for damages" and "made whole" both Paul Burns and Eric Burns whole through payments including but not limited to the $661,000.00 collectively paid as indemnity for their uninsured motorist claims.

48.     It has been adjudicated that Mr. Carpio and Mike Transport were engaged in the interstate transportation of property at the time of the Accident.

49.     The above-referenced facts were adjudicated in the Mike Transport Action, resulting in a default judgment against in favor of Acuity in the amount of $750,606.10.

50.    Despite given the opportunity, USIC refused to defend or indemnify Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport for claims arising out of the Accident.

51.    The payments Acuity made to Eric and Paul Burns were uninsured motorist payments for which Acuity was not primarily liable, and/or which would not have been made had USIC accepted liability under its Policy and/or its MCS-90 Endorsement; Acuity made those payments to protect its own rights or interest; Acuity did not act merely as a volunteer in doing so; the entire debt to Eric and Paul Burns has been paid by Acuity; and subrogation by Acuity against USIC will not work any injustice to the rights of others.

52.    The terms of the USIC Policy, including but not necessarily limited to its MCS-90 Endorsement, require that USIC indemnify Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport for public liability claims made against it, including the default public liability judgment entered in favor of Acuity in the Mike Transport Action.

53.    As such, USIC is liable to Acuity in an amount no less than $750,606.10.

**THIRD CAUSE OF ACTION – EQUITABLE INDEMNITY**

54.    Paragraphs 1 through 53 are incorporated by reference as if fully set forth herein.

55.    By virtue of uninsured motorist payments made to or on behalf of Paul Burns and Eric Burns beginning on March 16, 2020 and ending on November 15, 2023, Acuity discharged legal obligations by paying sums clearly owed to Paul Burns and Eric Burns for damages for their injuries resulting from the Accident.

56.    It has been adjudicated that Mike Transport, through the negligence of its driver Mr. Carpio, breached its duty of care owed to Paul Burns and Eric Burns as members of the public, proximately caused both the Accident and their injuries, and is liable for the damages for the injuries caused to Paul Burns and Eric Burns.

57.     The terms of the USIC Policy, including but not necessarily limited to its MCS-90 Endorsement, require that USIC indemnify Mike Transport a/k/a Maritza Arias Ortiz d/b/a Mike Transport for public liability claims made against it, including the default public liability judgment entered in favor of Acuity in the Mike Transport Action.

58.     Between Acuity and USIC, USIC, as a commercial automobile liability insurer of an interstate commercial carrier that caused injuries to members of the public, should be responsible for damages for the injuries caused to Eric and Paul Burns, and therefore must equitably indemnify Acuity for amounts paid to or on behalf of Eric and Paul Burns.

59.     As such, USIC is liable to Acuity in an amount no less than $750,606.10.

## **PRAYER**

WHEREFORE, Acuity prays for judgment against Mike Transport in the amount of at least $750,606.10, in addition to costs of suit, pre- and post-judgment interest, and any other relief the Court deems just and proper.

DATED this 2nd day of July 2025

SPENCER FANE LLP

/s/ Richard A. Vazquez_____
Richard A. Vazquez
*Attorneys for Plaintiff Acuity, A Mutual Insurance Company*

Plaintiff's Address:

2800 S. Taylor Drive
Sheboygan, WI 53081